**Shalev Amar (022332)**
**samar@amarlawgrp.com**
**Michael J. Goodman (032801)**
**mgoodman@amarlawgrp.com**
**Amar Law Group, PLLC**
**40 W. Baseline Road, Suite 208**
**Tempe, AZ 85283**
**(480) 237-2744**
**(866) 226-1333 (facsimile)**
**Attorneys for Plaintiffs**

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| **John Evans and Sandra Baker,** | ) |
| Plaintiffs, | ) Case No. |
| vs. | ) |
| **Keystone RV Company, Inc. and Lazydays RV SuperCenter, Inc.,** | ) |
| Defendants. | ) |

1.  The District Court has jurisdiction to hear this matter under 28 U.S.C. §1331 as there is a federal question pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. §2301 *et seq*. Jurisdiction is also conferred through 15 U.S.C. §2310(d) as the amount in controversy exceeds $50,000.00; and through diversity of citizenship. This Court has pendent jurisdiction over Plaintiffs' State law revocation claim.

2.  The Plaintiffs, John Evans and Sandra Baker, ("Plaintiffs"), are consumers who reside in the State of Arizona.

3. Codefendant, Keystone RV Company, Inc. ("Keystone") is a foreign corporation authorized to do business in the State of Arizona. Keystone is engaged in the manufacture, assembly, integration, sale, supply and distribution of fully integrated travel trailers and attendant warranties. Keystone supplies its products and services to the Arizona consuming public through its authorized dealerships and repair agents, including Lazydays RV SuperCenter, Inc. d/b/a LazyDays RV ("LazyDays").

4. Codefendant LazyDays is a foreign corporation authorized to do business in the State of Arizona. LazyDays is engaged in the sale, distribution, and repair of travel trailers and attendant warranties via its dealership in Pima, Arizona.

5. Keystone unilaterally selected and then installed, integrated, and modified all components used to construct the subject travel trailer.

6. On November 23, 2016, Plaintiffs purchased from LazyDays a new 2018 Crossroads Redwood ("Redwood") manufactured and warranted by Keystone and supplied by LazyDays, Vehicle Identification No. 4V0FC3927HR007077, for a cash price of $150,451.20 inclusive of financing.

7. In connection with Plaintiffs' purchase of the Redwood, Keystone issued and supplied to Plaintiffs its written warranty, which includes *inter alia* two (2) years of coverage. Keystone and LazyDays intended Plaintiffs to view the fact the Redwood was "warranted" as an assurance of the Redwood's quality, thereby inducing Plaintiffs' purchase.

8. In addition, under Keystone's repair or replacement warranties, Keystone was required by common law and statute to perform adequate and competent repairs or

Complaint - 2

replacements within a reasonable opportunity and time, as competent repairs within a reasonable opportunity/amount of time is the essential purpose of warranties restricted to repair or replacement of defective parts.

9. Shortly after taking possession of the Redwood, Plaintiffs experienced numerous defects and conditions with the Travel Trailer necessitating at least one hundred fifty-four (154) days of repeated unsuccessful nonconformity repairs by Keystone and LazyDays' repair agents under warranty.

10. The dilatory repairs were for the following defects, nonconformities and conditions; panels (3 repairs attempts), closet (3 repair attempts), drawers (3 repair attempts), waste systems (2 repair attempts), faucet (2 repair attempts), slides (2 repair attempts – ongoing), toilet (2 repair attempts), doors (2 repair attempts), cabinets (2 repair attempts), refrigerator (2 repair attempts – unsuccessful), heated living room seats (2 repair attempts – unsuccessful), wine cooler (2 repair attempts – unsuccessful), ceiling trim (3 repair attempts – unsuccessful), shower, counters, slide out hydraulics (denied), window blinds, electrical system control panel, leveling system, duct system, tires, flooring, TV, bed headboard, staircase, oven, leaks, flooding in kitchen and bathroom, interior trim, HVAC, awning.  The Redwood remains in a nonconforming defective condition.

11. Plaintiffs were further damaged by canceling planned trips because of the defective condition of the Redwood and by being without benefit of the use of a travel trailer Plaintiffs paid for.

12. Plaintiffs provided Keystone and LazyDays, through their authorized repair agents, notice and a sufficient opportunity to repair the defects, nonconformities, and conditions within the Redwood.

13. Despite being given more than a reasonable number of attempts/reasonable opportunity to cure said defects, nonconformities, and conditions, Keystone and LazyDays failed to do so. As such, the Redwood's warranty has failed its essential purpose.

14. Keystone and LazyDays' failure to correct said defects violates Keystone and LazyDays statutory and common law duties to Plaintiffs and the expectations created by Keystone and LazyDays promotional documents and warranties.

15. As a result of the ineffective repair attempts made by Keystone and LazyDays through their repair agents, the Redwood cannot be utilized as intended by Plaintiffs at the time of acquisition.

16. Plaintiffs (by and through undersigned) provided Keystone and LazyDays additional written notification of the defects within the subject travel trailer and Plaintiffs' lawful demand for relief on October 16, 2018. Keystone refused to toll its warranty statute of limitations (which is void in any event) and LazyDays ignored the letter thus forcing litigation.

17. Plaintiffs have been and will continue to be financially damaged due to Keystone and LazyDays failure to conform the Redwood to its warranty as Plaintiffs did not receive the basis of their bargain for a new Redwood, but instead were saddled with a

Redwood riddled with defects akin to an improperly maintained high mileage used travel trailer of a much lesser value.

18. Plaintiffs met all legal and enforceable obligations and preconditions provided in Keystone's warranty and applicable law.

19. As a direct and proximate result of Keystone's failure to comply with its written warranty, statutory obligations, and common law duties, Plaintiffs suffered damages and, in accordance with 15 U.S.C. § 2310 (d), Plaintiffs are entitled to bring suit for such damages and other legal and equitable relief.

20. Plaintiffs demand a trial by jury.

### COUNT I
### BREACH OF WRITTEN WARRANTY
### PURSUANT TO THE MAGNUSON-MOSS WARRANTY ACT:
### CODEFENDANT KEYSTONE

21. Plaintiffs re-allege and incorporate by reference paragraphs 1-21 in this Complaint.

23. Keystone failed to comply with its duties and obligations under its written warranty. Additionally, the warranty failed of its essential purpose.

24. Keystone did not repair the defects and conditions herein within a reasonable number of repair attempts or time.

WHEREFORE, Plaintiffs request that the Court:

    a.    Enter judgment against Keystone for all diminution in value, actual, incidental and consequential damages to which Plaintiffs are entitled;

     b.     Grant Plaintiffs all reasonable attorneys' fees, litigation costs and expenses pursuant to 15 U.S.C. § 2310 (d)(2); and,

     c.     Grant all other relief deemed just and appropriate.

## COUNT II
## COMMON LAW BREACH OF WRITTEN WARRANTY: CODEFENDANT KEYSTONE

25. Plaintiffs re-allege and incorporate by reference paragraphs 1-24 in this Complaint.

26. Keystone failed to comply with its duties and obligations under its written warranty. Additionally, the warranty failed of its essential purpose.

27. Keystone did not repair the defects and conditions herein within a reasonable number of repair attempts or time.

WHEREFORE, Plaintiffs request that the Court:

     a.     Enter judgment against Keystone for all diminution in value, actual, incidental and consequential damages to which Plaintiffs are entitled;

     b.     Grant Plaintiffs all reasonable attorneys' fees, litigation costs and expenses pursuant to A.R.S. § 12-341 and A.R.S. § 12-341.01; and,

     d.     Grant all other relief deemed just and appropriate.

**COUNT III**
**BREACH OF IMPLIED WARRANTY OF MERCHANTIBILITY UNDER THE MAGNUSON-MOSS WARRANTY ACT (15 U.S.C. § 2308): CODEFENDANT LAZYDAYS**

28. Plaintiffs re-allege and incorporate by reference paragraphs 1-27 of this Complaint.

29. No supplier may disclaim or modify any implied warranty to a consumer with respect to such consumer product if at the time of sale, or within 90 days thereafter, such supplier enters into a service contract with the consumer which applies to such consumer product. *See* 15 U.S.C. § 2308 (a).

30. LazyDays entered into a service contract with Plaintiffs at the time of sale which applies to the Redwood.

31. Any attempts to disclaim the implied warranty of merchantability by LazyDays are invalid. *See* 15 U.S.C. § 2308 (c) ("A disclaimer, modification, or limitation made in violation of this section shall be ineffective for purposes of this chapter and State law").

32. Because of its defects and repair history, the Redwood is not fit for its ordinary purpose of RVing.

33. LazyDays breached the implied warranty of merchantability to Plaintiffs.

WHEREFORE, Plaintiffs request that the Court:

    a. Enter judgment against LazyDays for all diminution in value, actual, incidental and consequential damages to which Plaintiffs are entitled;

b. Grant Plaintiffs all reasonable attorneys' fees, litigation costs and expenses pursuant to 15 U.S.C. § 2310(d)(2); and,

e. Grant all other relief deemed just and appropriate.

## COUNT IV
## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE UNDER THE MAGNUSON-MOSS WARRANTY ACT (15 U.S.C. § 2308): CODEFENDANT LAZYDAYS

34. Plaintiffs re-allege and incorporate by reference paragraphs 1-33 of this Complaint.

35. Plaintiffs made LazyDays sales agents aware that Plaintiffs were purchasing the Redwood to vacation in, travel in extensively and take planned trips in and relied on said agents' skill and judgment to select the subject Redwood as suitable for these purposes.

36. LazyDays sales agents assured Plaintiffs the Redwood was fit for these express purposes.

37. Because of its defects and repair history the Redwood was not fit for the particular purposes of vacationing in, traveling in, and taking planned trips in.

38. LazyDays breached the implied warranty of fitness for a particular purpose to Plaintiffs.

WHEREFORE, Plaintiffs request that the Court:

a. Enter judgment against LazyDays for all diminution in value, actual, incidental and consequential damages to which Plaintiffs are entitled;

  b. Grant Plaintiffs all reasonable attorneys' fees, litigation costs and expenses pursuant to 15 U.S.C. § 2310(d)(2); and,

  c. Grant all other relief deemed just and appropriate.

## COUNT V
## REVOCATION OF ACCEPTANCE PURSUANT TO A.R.S. § 47-2608
## CODEFENDANT LAZYDAYS

39. Plaintiffs re-allege and incorporate by reference paragraphs 1-38 of this Complaint.

40. LazyDays tender of the Redwood was substantially impaired to Plaintiffs due to its defects and nonconformities.

41. Plaintiffs accepted the Redwood without notice of said defects and with the reasonable assumption that any nonconformities within the travel trailer would be seasonably cured.

42. The nonconformities herein have not been seasonably cured.

43. Plaintiffs' acceptance of the Redwood was reasonably induced by the difficulty of discovering the Redwood's nonconformities before acceptance and by Seller's assurances regarding the quality of the Redwood.

44. Plaintiffs' revocation of acceptance occurred within a reasonable time after discovering the grounds for revocation and before any substantial change in condition of the travel trailer which was not caused by its own defects.

45. Plaintiffs have timely notified LazyDays of the revocation.

WHEREFORE, pursuant to A.R.S. § 47-2608, Plaintiffs pray that the Court:

a. Order LazyDays to accept Plaintiffs' revocation of acceptance and return all monies paid towards the subject travel trailer and pay off any outstanding loan balance in exchange for return of the Motor Home;

b. Order LazyDays to pay all incidental and consequential damages to which Plaintiffs are entitled;

c. Grant Plaintiffs all reasonable attorneys' fees, litigation costs and expenses pursuant to A.R.S. § 12-341 and A.R.S. § 12-341.01; and,

d. Grant all other relief deemed just and appropriate.

**RESPECTFULLY SUBMITTED** this 7th day of February 2019.

By: /s/Shalev Amar
Shalev Amar
Michael J. Goodman
Amar Law Group, PLLC
40 W. Baseline Road, Suite 208
Tempe, AZ 85283
(480) 237-2744
(866) 226-1333 (facsimile)
Attorneys for Plaintiffs